# IN THE COURT OF APPEALS FOR THE MIDDLE DISTRICT OF TENNESSEE AT NASHVILLE

## Allie Mae Hunt v. Thomas Claybrooks d/b/a Best Way Tire and James Goodner

**Direct Appeal from the First Circuit Court for Davidson County**
No. 97C-3559   Walter C. Kurtz, Judge

_____

No. M1999-01582-COA-R3-CV - Filed October 25, 2000

This litigation began as a pro bono case. Defendant/Appellant James Goodner ("Goodner") represented himself *pro se* on October 22, 1997 at the General Sessions Court and received a judgment against him.  Goodner timely appealed the decision to the Circuit Court. Plaintiff/Appellee Allie Mae Hunt ("Hunt") died after the case was appealed from the General Sessions Court to the Circuit Court for Davidson County, Tennessee.  Thereafter, the trial court dismissed Goodner's appeal and this case took on a different character.  David E. Danner ("Danner") filed a Rule 60.02 motion to get the case reinstated, allegedly accusing Hunt's attorney, C. Bennett Harrison ("Harrison") of "fraud, misrepresentation or other misconduct."  Harrison filed a response to the motion containing a motion for Rule 11 sanctions against Danner.   Subsequently, Danner asked for sanctions against Harrison, which were denied.  Hunt's case was reinstated, but the trial court ordered Danner to pay attorney fees of $100 to Harrison as a sanction of Rule 11.  We affirm and modify the trial court's decision.

**Tenn.R.App.P.3 Appeal as of Right; Judgment of the Circuit Court Affirmed as Modified**

ASH, Special Judge Don, delivered the opinion of the court, in which Judge CRAWFORD and Judge FARMER, joined.

David E. Danner, Nashville, Tennessee, for the appellant, James Goodner.

C. Bennett Harrison, Nashville, Tennessee, for the appellee, Allie Mae Hunt.

### OPINION

I.

In order to put this transaction into perspective, some background information will facilitate this process.  Mrs. Hunt's attorney, C. Bennett Harrison, was retained to represent her through the Nashville Bar Association Pro Bono Program.  The initial suit, filed in General Sessions Court,  alleged that Goodner committed fraud and violated the

Tennessee Consumer Protection Act by fraudulently enforcing an artisan's lien against Hunt's automobile.

Pursuant to that suit, a judgment was obtained against Goodner for attorneys' fees and treble damages. Goodner later appealed the judgment to the Circuit Court and the case was assigned to Judge Walter C. Kurtz. During the pendency of the appeal and while settlement negotiations were being conducted, Mrs. Hunt died. Thereafter, Harrison sent a letter to Goodner's attorney, David E. Danner allegedly stating that Harrison's office would probate Hunt's estate so that the case could proceed with a personal representative. Subsequently, Harrison filed a motion to dismiss, arguing that Danner had a duty to probate Hunt's estate.

A suggestion of death was filed on behalf of Hunt in accordance with Rule 25.01 of the Tennessee Rules of Civil Procedure. Further, a motion to dismiss the General Sessions Court appeal was later filed as a result of the failure of any party to file a motion for substitution of the deceased party. The court granted this motion as to Goodner, with Goodner's General Sessions appeal being dismissed and the General Sessions judgment being reinstated.

Danner subsequently filed a motion in accordance to Rule 60.02 of the Tennessee Rules of Civil Procedure to set aside that Order dismissing his General Sessions appeal. At that point, the case took on a much different character. In that motion, Danner accused Harrison of "fraud, misrepresentation or other misconduct." On March 18, 1999, Hunt filed a response to this motion.

In Hunt's response to the motion to set aside the dismissal of the appeal he incorporated a request that the Court sanction Danner for using defamatory statements against Harrison without any basis in fact or law. The trial court reinstated Hunt's case but sanctioned Danner. Accordingly, Judge Kurtz found that there was no support in the record to charge Harrison of "fraud, misrepresentation or other misconduct." Thereafter, Judge Kurtz Ordered Danner to pay Harrison attorney fees in the amount of $100 as a sanction for violation of Rule 11. Furthermore, Judge Kurtz struck the words "fraud, misrepresentation or other misconduct" from the record. On August 2, 1999, Goodner filed a Rule 11 motion for sanctions against Harrison and his law firm, Cornelius & Collins. On September 27, 1999 Judge Hamilton Gayden denied Goodner's motion for Rule 11 sanctions against Harrison and this appeal followed.

II.

The focus of the Court regarding the litigation of this case hinges on the implication of Tenn.R.Civ.P.11. Rule 11 empowers the court to impose disciplinary sanctions on attorneys for various types of improper conduct. Rule 11.03 of the Tennessee Rules of Civil Procedure provide as follows:

> 10.03 Sanctions. – If, after notice and a reasonable opportunity to respond, the court determines that subdivision 11.02 has been violated, the court may,

subject to the conditions stated below, impose an appropriate sanction upon the attorneys, law firms, or parties that have violated subdivision 11.02 or are responsible for the violation.

(1) How Initiated.

(a) **By Motion.** A motion for sanctions under this rule **shall be made separately** from other motions or requests and shall describe the specific conduct alleged to violate subdivision 11.02. It shall be served as provided in Rule 5, **but shall not be filed with or presented to the court unless, within 21 days after service of the motion (or such other period as the court may prescribe)** (emphasis added), the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected.

(b) On Court's Initiative. On its own initiative, the court may enter an order describing the specific conduct that appears to violate subdivision 11.02 and directing an attorney, law firm, or party to show cause why it has not violated subdivision 11.02 with respect thereto.

(2) Nature of Sanction; Limitations. A sanction imposed for violation of this rule shall be limited to what is sufficient to deter repetition of such conduct or comparable conduct by others similarly situated. Subject to the limitations in subparagraphs (a) and (b), the sanction may consist of, or include, directives of nonmonetary nature, an order to pay a penalty into court, or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of some or all of the reasonable attorney's fees and other expenses incurred as a result of the violation.

(a) Monetary sanctions may not be awarded against a represented party for violation of subdivision 11.02(2).

(b) **Monetary sanctions may not be awarded on the court's initiative unless the court issues its order to show cause before a voluntary dismissal or settlement of the claims made by or against the party which is, or whose attorneys are, to be sanctioned.** (emphasis added)

It is clear that 11.03(1)(a), 11.03(1)(b), and 11.03(2)(b) of Rule 11 of the Tennessee Rules of Civil Procedure will play a determinative role in the outcome of this case.

Tenn. R. Civ. P. 11.03(1)(a) provides a 21-day safe harbor provision proposed to alleviate the probability of sanctions by giving opposing parties the opportunity to remedy challenged allegations. Additionally, Rule 11.03(1)(a) requires that all motions made pursuant to this rule be made separately from other motions or requests.

Here, the Motion for Sanctions against Danner was not made separately. Furthermore, Danner was not given the benefit of the twenty-one day safe harbor provision to withdraw the offensive pleading provided by Rule 11.03(1)(a). Obviously, this is a procedural violation. However, Rule 11.03(1)(b) provides a catch-all provision that must not be overlooked in this case.

Accordingly, Rule 11.03(1)(b) gives the Court wide latitude and discretion to sanction specific conduct on "its own initiative" when it appears that the conduct violates Rule 11.02. Appellate courts review the imposition of Rule 11 sanctions under the "deferential abuse of discretion standard." **See Krug v. Krug,** 838 S.W.2d 197, 205 (Tenn. Ct. App. 1992); **Rogers v. Watts,** 1998 Tenn.App. LEXIS 444, No 01A01-9603-CV-00120, *5. Pursuant to this standard, the trial court abuses its discretion if its judgment is based on a mistaken view of the law**. See Rogers v. Watts,** 1998 Tenn.App. LEXIS 444 at 5. On appeal, Rule 11 sanctions will not be "second-guessed" unless the movant suffers prejudice or injury. **Id.**

Here, Judge Kurtz, acting on his own initiative had discretion when he sanctioned Danner for a Rule 11 violation. It is a well-established rule in Tennessee that the imposition of Rule 11 sanctions is solely within the discretion of the trial court unless an injustice has occurred. No injustice or injury has occurred here. Further, Judge Kurtz correctly established that there was no support in the record to accuse Harrison of "fraud, misrepresentation or other misconduct" making sanctions in accordance to Rule 11 appropriate against Danner. It is the conclusion of this Court that Judge Kurtz did not abuse his discretion when he sanctioned Danner.

The remaining issue concerning Rule 11 is whether Judge Kurtz violated the Rule when he sanctioned Danner $100 to be paid to Harrison as attorney fees. Rule 11.03(2)(b) conditions that monetary sanctions cannot be awarded on the Court's initiative unless the Court issues an Order to show-cause before a voluntary dismissal. In this case, there was no show-cause Order issued, consequently, Judge Kurtz's issuance of monetary sanctions was in violation of the Rule. Accordingly, the trial court erred when it granted a $100 attorney fee sanction against Danner for his misconduct.

III.

In light of these circumstances, this court is reminded of the following quote from Roscoe Pound: "The idea that procedure must of necessity be wholly contentious… leads counsel to forget that they are officers of the court and to deal with the rules of the law and procedure exactly as the professional football coach [deals] with the rules of the sport. The effect…is not only to irritate parties, witnesses and jurors in particular cases, but to give to the whole community a false notion of the purpose and end of law…. If the law is a mere game, neither the players who take part in it nor the public who witness it can be expected to yield to its spirit when their interests are served by evading it."

It should be a goal of our profession to treat each other with respect instead of looking for opportunities to attack each other's character.

While this Court found that monetary sanctions was inappropriate, it is the opinion of this court that Judge Kurtz's decision to sanction Danner is given extensive deference.

The judgment of the trial court is affirmed and modified. In addition, Danner withdrew his appeal for sanctions against Harrison at oral argument, thus that issue was not considered by this court. Costs on appeal are assessed equally between the parties. This case is remanded for further proceedings as may be required, consistent with this opinion.

_____
Judge Don R. Ash